UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                           Criminal No. 96-90027
                                                                                      Honorable George Caram Steeh

D-1  CHARLES PETER QUISENBERRY,
D-2  JODY WEISS

        Defendants.
_____/

## PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTES ASSETS

This matter having come before the Court on the Application of the United States for entry of a Preliminary Order of Forfeiture of Substitute Assets, Plaintiff, United States of America states as follows:

1. The United States sought criminal forfeiture of multiple assets in this matter in the Second Superseding Indictment issued on or about August 27, 1996.

2. The Second Superseding Indictment also contained language regarding the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p), which provides:

If any of the property described in subsection (a) of this section, as a result of the act or omission of a defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred or sold to, or deposited with, a third party;

(3)  has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)  has been commingled with other property which cannot subdivide without difficulty;

the court shall order the foreiture of any other property of the defendant up to the value of any property described in paragraph (1) through (5);

3. Defendants Charles Quisenberry and Jody Weiss entered into Rule 11 Plea Agreements on or about January 31, 1997, in which they agreed to the forfeiture contained in the Indictment;

4. Defendants Charles Quisenberry and Jody Weiss were sentenced and Judgment and Commitment Orders were entered by the Court on May 2, 1997;

5. On or about June 29, 2000, a Final Order of Forfeiture was entered by the Court for an $11,000,000.00 money judgment in this matter;

6. The money judgment has not been fully satisfied and additional assets have been located by the Government;

7. The United States has identified the following properties, in which defendants Charles Quisenberry and/or Jody Weiss possesses an interest as a title holder or otherwise, as being subject to forfeiture as substitute assets to partially satisfy the $11,000,000.00 money judgment:

a. $115,805.18 in United States currency, seized on or about November 24, 1998, which represents the net proceeds from the sale of real property in Monroe County, Michigan; Asset ID No. 95-USP-000577;

b. $60,857.65.00 in United States currency, seized from the home of Charles Quisenberry on or about February 5, 1998; Asset ID No. 98-FBI-001381;

c. Miscellaneous Jewelry, seized from the residence of Charles Quisenberry on or about February 5, 1998; Asset ID No. 98-FBI-002217;

d. Assorted Gold Coins, seized from the residence of Charles Quisenberry on or about February 5, 1998;

e. $438,395.70.00 in United States currency, seized on or about February 1, 2000, which represents the net sale proceeds of real property in Monroe County, MI; Asset ID No. 00-USP-000086; and

 f. $344,348.88 in United States currency which was seized on or about January 18, 2001, which represents the sale proceeds of real property located in Frenchtown Township, Monroe County, Michigan; 01-USP-000233.

 g. Vacant land in Frenchtown Township, Monroe County, Michigan, more particularly described in Exhibit A, attached to the Amended Application For Entry of Preliminary Order of Substitute Assets filed with the court on October 19, 2006; Asset ID No. 00-USP-000627.

 8. Upon entry of this Order, the United States or a designee is authorized to seize the assets described above in paragraph 7 ("Subject Property"), pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

 9.  The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  The United States may also, to the extent

practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

10.  Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the subject property and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

11.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

13. The net proceeds realized by the United States following disposition of the above named assets shall be applied against and shall reduce the $11,000,000.00 money judgment against Defendants Charles Quisenberry and Jody Weiss.

                                              s/George Caram Steeh  
                                              HONORABLE GEORGE CARAM STEEH  
                                              United States District Judge

Dated: October 20, 2006