UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   Criminal No. 96-90027
                                                      Honorable George Caram Steeh

D-1 CHARLES PETER QUISENBERRY,
D-2 JODY WEISS

        Defendants.
_____/

## **PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTES ASSETS**

This matter having come before the Court on the Application of the United States for entry of a Preliminary Order of Forfeiture of Substitute Assets, Plaintiff, United States of America states as follows:

1. The United States sought criminal forfeiture of multiple assets in this matter in the Second Superseding Indictment issued on or about August 27, 1996.

2. The Second Superseding Indictment also contained language regarding the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p), which provides:

If any of the property described in subsection (a) of this section, as a result of the act or omission of a defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot subdivide without difficulty; the court shall order the foreiture of any other property of the defendant up to the value of any property described in paragraph (1) through (5);

3. Defendants Charles Quisenberry and Jody Weiss entered into Rule 11 Plea Agreements on or about January 31, 1997, in which they agreed to the forfeiture contained in the Indictment;

4. Defendants Charles Quisenberry and Jody Weiss were sentenced and Judgment and Commitment Orders were entered by the Court on May 2, 1997;

5. On or about June 29, 2000, a Final Order of Forfeiture was entered by the Court for an $11,000,000.00 money judgment in this matter;

6. The money judgment has not been fully satisfied and additional assets have been located by the Government;

7. The United States has identified the following asset, in which defendants Charles Quisenberry and/or Jody Weiss possesses an interest as a title holder or otherwise, as being subject to forfeiture as substitute assets to partially satisfy the $11,000,000.00 money judgment:

> **Assorted Gold Coins**, seized on February 5, 1998, from 3455 W. Albain, Monroe, Michigan, the residence of Defendant Charles Peter Quisenberry. (Asset ID No. 98-FBI-005451).

8. Upon entry of this Order, the United States or a designee is authorized to seize the asset described above in paragraph 7, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of the asset, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

9. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (35) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

10. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the subject property and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

11. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The United States shall have clear title to the Assorted Gold Coins (Asset ID No. 98-FBI-005451) following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

13. The net proceeds realized by the United States following disposition of the above named assets shall be applied against and shall reduce the $11,000,000.00 money judgment against Defendants Charles Quisenberry and Jody Weiss.

Dated: June 19, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 19, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---